**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**DARNELL L. KENO,**

      **Plaintiff,**

**vs.**                      **Case No. 4:05cv51-RH/WCS**

**JAMES V. CROSBY, et al.,**

      **Defendants.**

_____/

**<u>REPORT AND RECOMMENDATION</u>**

Plaintiff, an inmate proceeding *pro se* and *in forma pauperis*, has filed a civil rights complaint under 42 U.S.C. § 1983.  Doc. 1.  The complaint has been reviewed pursuant to 28 U.S.C. § 1915A.  Plaintiff's complaint alleges that Defendants failed to provide adequate and appropriate medical care in violation of the Eighth Amendment of the federal Constitution as well as violating Florida's Constitution.  Doc. 1.

In particular, Plaintiff states that in June of 2001, while he was housed at Taylor Correctional Institution, Plaintiff sought medical attention for severe migraine and cluster

headaches.  Doc. 1.  Plaintiff was given Sinequan.[1]  *Id.*  Then on March 31, 2001, a prescription for Sinequan was discontinued, but Plaintiff contends that by that point he was addicted to the drug, he wanted the drug, and continued to suffer from the headaches.  Plaintiff was given Tylenol and aspirin instead for his complaints of headaches.  When Plaintiff was subsequently transferred to other institutions, he was similarly refused Sinequan,[2] but, after declaring a psychological emergency, Plaintiff contends he was given Risperdal,[3] a drug Plaintiff advises is an anti-depressant.  *Id.*

Plaintiff appears to allege that he exhausted administrative remedies concerning the "medical malpractice perpetuated against him by the medical personel [sic] at Taylor C.I." in March and April of 2004.  Doc. 1.  Plaintiff contends that he suffered a drug addiction, psychological disorder, physical pain and suffering, and other problems because, apparently, Plaintiff "was not provided a consent form or, advised of the side effects of the Sinequan."  *Id.*  Plaintiff states now that he should have never been given the medication, Sinequan, that it was not supposed to be given for migraines, rather it is for people with a chemical imbalance in the brain.  *Id.*  Plaintiff also claims that he should have been given more information about the medication and given an opportunity to refuse the medicine after being advised of the risk of side effects.

---

[1] Sinequan is used to treat depression and anxiety.  PHYSICIANS' DESK REFERENCE (2004), p. 2636.  The Physicians' Desk Reference does not indicate that this drug is usually prescribed for migraines or other headaches.

[2] Plaintiff complains in the complaint that the medication, Sinequan, caused damaging side effects.

[3] Risperdal is used to treat schizophrenia.  PHYSICIANS' DESK REFERENCE (2004), p. 1765.  The Physicians' Desk Reference does not indicate that this drug is usually prescribed for migraines or other headaches either.

Plaintiff signed the complaint on January 19, 2005.  Doc. 1, p. 16.  The document was filed in the Clerk's Office on February 7, 2005.  *Id.*, at 1.  Plaintiff states that until later transfers to other institutions, he did not know that the prescription for Sinequan was problematic.  *Id.*

Putting aside the issue of whether or not Plaintiff's claims are time barred as being filed outside of the four-year statute of limitations, Plaintiff has failed to state a claim under the Eighth Amendment.  Deliberate indifference to the serious medical needs of prisoners states a valid constitutional claim.  Estelle v. Gamble, 429 U.S. 97, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976)(holding that such a claim by a prisoner convicted of a crime violates the Eighth Amendment's prohibition of cruel and unusual punishment).  The concept of deliberate indifference must be more than negligence, but is satisfied by something less than actions undertaken with an intent to cause harm.  Farmer v. Brennan, 511 U.S. 1216, 114 S. Ct. 1970, 1978, 128 L. Ed. 2d 811 (1994).  Subjective recklessness, as defined in criminal law, is the standard which must be shown for an official's actions to rise to the level of deliberate indifference.  *Id.*  There are four requirements to bringing an Eighth Amendment claim for the denial of appropriate medical care: "an objectively serious need, an objectively insufficient response to that need, subjective awareness of facts signaling the need, and an actual inference of required action from those facts."  Taylor v. Adams, 221 F.3d 1254, 1258 (11th Cir. 2000), *cert. denied* 531 U.S. 1077 (2001); Farrow v. West, 320 F.3d 1235, 1243 (11th Cir. 2003).

The Eleventh Circuit has recognized that "[g]rossly incompetent or inadequate care can constitute deliberate indifference . . . as can a doctor's decision to take an

easier and less efficacious course of treatment." Waldrop v. Evans, 871 F.2d 1030, 1033 (11th Cir. 1989), *citing* Rogers v. Evans, 792 F.2d 1052, 1058 (11th Cir. 1986); McElligott v. Foley, 182 F.3d 1248, 1255 (11th Cir. 1999). However, medical malpractice does not constitute deliberate indifference, Estelle, 429 U.S. at 106, 97 S. Ct. at 292, "[n]or does a simple difference in medical opinion between the prison's medical staff and the inmate as to the latter's diagnosis or course of treatment support a claim of cruel and unusual punishment." Harris v. Thigpen, 941 F.2d 1495, 1505 (11th Cir. 1991), *citing* Waldrop v. Evans, 871 F.2d 1030, 1033 (11th Cir. 1989). A complaint that more treatment or tests should have been provided has been rejected as a basis for liability. Estelle, 429 U.S. at 107, 97 S. Ct. at 293.

A prisoner's medical need may be found to be serious if the failure to treat the condition could result in significant further injury or an unnecessary infliction of pain. McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992). Routine discomfort does not qualify as a serious medical need. *Id.* Further, when an inmate has received some medical attention or care and the dispute involves the adequacy of the care, federal courts are reluctant to second guess medical judgments and find an eighth amendment violation. Harris v. Thigpen, 941 F.2d 1495, 1507 (11th Cir. 1991).

In this case, it is likely that Plaintiff's allegations fail to present a "serious medical need." Nevertheless, it will be assumed for present purposes that migraine headaches cross the line from routine discomfort to a serious medical need.[4]

---

[4] In Aldridge v. Montgomery, the Eleventh Circuit noted there was "certainly a jury issue" on the question of whether the plaintiff's complains of headaches and dizziness "coupled with an extensive history of traumatic blows to the head" meet the definition of a "serious medical need." Aldridge v. Montgomery, 753 F.2d 970, 973 (11th Cir. 1985).

Even so, Plaintiff has not shown that he was left to suffer an "unnecessary infliction of pain."  Plaintiff has not presented sufficient allegations which show that medical staff acted in a manner deliberately indifferent to Plaintiff's complaints of migraine headaches.  Plaintiff was given medication to treat those headaches.  Plaintiff acknowledges that he was given both Tylenol and aspirin to relieve his pain and discomfort.  Plaintiff's lay disagreement with the prescription given to him and the lack of knowledge about the prescription does not transform this into a Constitutional violation. Accepting Plaintiff's allegations as true that Plaintiff was given Sinequan without being fully advised of all possible side effects, that omission does not rise to the level of a constitutional violation.  At most, prescribing a medication without giving the patient sufficient information about a drug *might* be negligence, but it certainly is not an act designed or intended to cause harm.  Indeed, Plaintiff's own allegations reveal that he was upset when the medication was discontinued; thus, it must be assumed that Plaintiff was happy with the drug's results because he wanted to keep taking it.  The fact that at a later point in time Plaintiff was asked to sign a consent form to receive a different drug, Risperdal, does not mean that medical staff were wrong for not asking for Plaintiff's consent while being given Sinequan.

Furthermore, considering that both medications, Sinequan and Risperdal, are generally prescribed for conditions unrelated to headaches as noted in the Physicians' Desk Reference, Plaintiff's claim that he was prescribed those medications amounts to no more than a disagreement with prison medical staff.  That is insufficient to state a claim.  "Thus, a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the

Eighth Amendment."  Estelle, 429 U.S. at 106, 97 S.Ct. 285.  An "inmate's 'mere

disagreement with the course of his medical treatment" fails to state a claim of

deliberate indifference."  Bender v. Regier, 385 F.3d 1133, 1137 (8th Cir. 2004),

quotingSmith v. Marcantonio, 910 F.2d 500, 502 (8th Cir. 1990).

   Throughout Plaintiff's complaint and his institutional grievances, Plaintiff asserts

that the medical staff was negligent or committed medical malpractice.  As noted above,

those allegations are insufficient to state a claim upon which relief may be granted in

this civil rights case.  Estelle, id.  Where the Eleventh Circuit has found that failing to

diagnose an inmate with colon cancer was "extremely negligent," the court held that it

still did "not cross the line to deliberate indifference."  McElligott v. Foley, 182 F.3d

1248, 1256 (11th Cir. 1999).  Unlike the facts in McElligott that were problematic, failing

to adequately treat the prisoner patient's complaints of pain, in this case Plaintiff was

given medication for pain, and his complaints of pain were not ignored.  See McElligott,

182 F.3d at 1257.  Plaintiff received appropriate medications for his headaches.

Regardless of medical problem for which the medication Sinequan is usually prescribed,

Plaintiff's discontent with having been given that medication, and his expressed desire

to continue taking the medication after it was discontinued, are not constitutional claims.

   Finally, because respondeat superior is insufficient to create liability against a

defendant who has a supervisory position, see McDowell v. Brown, 392 F.3d 1283,

1289 (11th Cir. 2004), Plaintiff has not presented sufficient facts to state a claim against

Defendant Crosby.  That defendant is not a medical provider, was not at the prison with

Plaintiff, and had no personal involvement in this case.  Plaintiff's claims against

Defendant Crosby fail as well because this Defendant is not vicariously liable for the actions of other prison officials.  <u>Miller v. King</u>, 384 F.3d 1248, 1262 (11th Cir. 2004).

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's complaint, doc. 1, be **DISMISSED** for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2), and that the order adopting this report and recommendation direct the clerk of court to note on the docket that this cause was dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**IN CHAMBERS** at Tallahassee, Florida, on March 14, 2005.


<u>s/    William C. Sherrill, Jr.          </u>
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**


<u>**NOTICE TO THE PARTIES**</u>

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**